# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORRIE KISON and FREDERICK KISON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 02: 08cv0582 |
| | ) | |
| JOAN B. DACONES IANNONE, JAMES DEBBOLO, and GENERAL MOTORS CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| GENERAL MOTORS CORPORATION, | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| JOAN B. DACONES IANNONE and JAMES DEBBOLO, | ) ) |
| | ) |
| Cross-Defendants. | ) |

## ORDER OF COURT

AND NOW, this 20th day of May, 2008, upon consideration of the REPLY TO ORDER TO SHOW CAUSE filed by Plaintiffs Lorrie Kison and Frederick Kison (*Document No. 8*) and the RESPONSE TO ORDER TO SHOW CAUSE filed by Defendant / Cross - Claimant General Motors Corporation (*Document No. 11*), this matter shall be remanded to the Court of Common Pleas of Butler County, Pennsylvania, forthwith.

Plaintiffs contend that this matter should be remanded because "Defendant Iannone was a resident of Butler County at the time of the accident . . ." and thus no diversity of

citizenship existed at the time of the action. While it is true that diversity may not have existed at the time of the accident, April 17, 2007, the general rule is that when an action is removed on the basis of diversity of citizenship, diversity must exist at both the time of the initiation of the action <u>and</u> at the time the case is removed to federal court. *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370, 371 (E.D. Pa. 1962). This action was initiated by the filing of a Complaint in March 2008 and the case was removed to federal court on April 28, 2008. Counsel for Ms. Iannone has represented that while Ms. Iannone was living in Pennsylvania at the time of the April 17, 2007 accident, she moved back to Rhode Island at some point prior to March 2008. Thus, it appears that complete diversity of citizenship exists.

However, a significant problem remains with the removal of this matter, although not a jurisdictional defect but rather a defect in the removal process. All defendants must manifest their clear and unambiguous consent to removal. Absent an exception to the unanimity rule, the failure of all defendants to join in a removal petition is a defect. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995). In the Notice of Removal, no mention was made of whether co-defendants, Joan B. Dacones Iannone and/or James Debbolo, consented to the removal. In response to the Show Cause Order, counsel for General Motors has informed the Court that counsel for these co-defendants <u>does not</u> consent to the removal of this action to this Court.

Accordingly, because there is lack of unanimity among defendants in this matter, this action is hereby **REMANDED FORTHWITH** to the Court of Common Pleas of Butler County, Pennsylvania.

                                        BY THE COURT:

                                        <u>s/Terrence F. McVerry</u>
                                        United States District Court Judge

cc:        Jon M. Lewis, Esquire
            Email: jon@jonlewislaw.com

            Mary Grace Maley, Esquire
            Lavin, O'Neil, Ricci, Cedrone & DiSipio
            Email: mmaley@lavin-law.com

            Maury D. Nusbaum, Esquire
            Law Offices of Snyder & Andrews
            11269 Perry Highway, Suite 400
            Wexford, PA 15090